[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16906
Non-Argument Calendar
_____

Agency No. A024-370-860

RODOLFO PERDOMO-RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 5, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Rodolfo Perdomo-Rodriguez, a native and citizen of Cuba, petitions for review of an order affirming the denial of his application to suspend his deportation. Perdomo challenges the determination that he is ineligible for suspension of deportation and the decision to grant his motion to *sua sponte* reopen his exclusion proceedings. We deny in part and dismiss in part Perdomo's petition.

Perdomo is ineligible for suspension of deportation. Although Perdomo was paroled into the United States and, after being ordered excluded, was reparoled, his parole was never considered an admission to this country. Parole "allowed [Perdomo] into the country but [he] remain[ed] constructively at the border, seeking admission and subject to exclusion proceedings." *See Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1338 (11th Cir. 2003); *see also Leng May Ma v. Barber*, 357 U.S. 185, 190 (1958) ("parole . . . is simply a device through which needless confinement is avoided while administrative proceedings are conducted" and "was never intended to affect an alien's status"). To qualify for suspension of deportation, Perdomo had to have been "physically present" in the United States for a continuous period. *See* 8 U.S.C. § 1254 (repealed 1996). Because Perdomo never made an "entry" to this country, he was excluded instead of deported. *See Landon v. Plasencia*, 459 U.S. 21, 25 (1982). As "an alien properly in exclusion proceedings[, Perdomo was] not entitled to apply for suspension of deportation, despite being present in the United States on parole for an extensive period of

2

time." *Matter of Torres*, 19 I. & N. Dec. 371, 373 (BIA 1986). We deny that part of Perdomo's petition challenging the denial of his application for suspension of deportation.

We lack jurisdiction to review the decision to reopen Perdomo's exclusion proceedings. Perdomo concedes that he failed to challenge that ruling in his appeal to the Board. "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Perdomo's petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**